THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

July 21, 2021

Opposition No. 91250429 (parent)
Cancellation No. 92074048

*Island, LLC*

*v.*

*JBX Pty Ltd.*

**Rebecca Stempien Coyle, Interlocutory Attorney:**

This case comes before the Board on Opposer/Petitioner Island LLC's ("Opposer") February 14, 2021 combined motion to compel Applicant/Respondent JBX Pty. Ltd.'s ("Applicant") responses to Opposer's first sets of interrogatories and document requests, and to test the sufficiency of Applicant's responses to Opposer's requests for admission.[1] The motion is contested.

The motion to compel was filed before February 16, 2021, the day of the deadline for Opposer's pretrial disclosures, and is timely. *See* Trademark Rule 2.120(f)(1) and 2.120(i)(1), 37 CFR §§ 2.120(f)(1) and 2.120(i)(1).[2] The Board further finds, and Applicant does not contest, that Opposer has shown that it satisfied the requirement to make a good faith effort to resolve the parties' discovery dispute before filing its

---

[1] 12 TTABVUE.
[2] *See* 11 TTABVUE 17.

motion.[3] *See* Trademark Rules 2.120(f)(1) and 2.120(i)(1), 37 C.F.R. §§ 2.120(f)(1) and 2.120(i)(1). *See also Hot Tamale Mama…and More, LLC v. SF Invs., Inc.*, 110 USPQ2d 1080 (TTAB 2014).

Turning to the merits of Opposer's combined motion, Opposer seeks an order compelling Applicant's full responses to Opposer's first set of document requests and first set of interrogatories, and either compelling Applicant's full responses to Opposer's first set of requests for admission or deeming the admission requests admitted. Essentially, Applicant objected to each of the discovery requests as untimely served, and based on that objection did not provide any substantive responses.

Since the issue between the parties concerns the timing of the service of discovery requests, some detail is necessary. Discovery was set to close on January 2, 2021.[4] Accordingly, by operation of Trademark Rule 2.120(a)(3), 37 C.F.R. § 2.120(a)(3), the deadline to serve written discovery requests was December 3, 2020. The record indicates that Opposer served its discovery requests by email, from California, at 11:43 p.m. Pacific Time on December 3, 2020, which was 2:43 a.m. Eastern Time on December 4, 2020, to Applicant's counsel, who is located in Iowa.[5] On December 31, 2020, Applicant served responses to each of Opposer's written discovery requests objecting to them on the basis that they were untimely.[6] It is the three-hour difference between Eastern Time and Pacific Time that led to Opposer's current motion.

---

[3] 12 TTABVUE 6-7, 94-97.
[4] 11 TTABVUE 17.
[5] Applicant is a foreign party, residing in Australia.
[6] 12 TTABVUE 33-93.

Specifically, the parties dispute whether Eastern Time controls the timeliness of discovery requests, regardless where the serving party is located.

Opposer contends there is no rule that discovery requests are controlled by Eastern Time. In support, Opposer states that references to Eastern Time in the TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") are limited to filing dates for electronic submissions with the Board, and this does not include matters served between the parties that are not submitted to the Board, such as discovery requests. Opposer further relies on its Certificate of Service as prima facie proof of the date of service, and argues Applicant never objected to Opposer's service of other discovery documents in this proceeding where the date in the Certificate of Service statement was based on Pacific Time. Specifically, Opposer contends, and Applicant does not dispute, that Opposer's initial disclosures and responses to Applicant's written discovery requests were each served by Opposer after 9:00 p.m. Pacific Time with a Certificate of Service based on Pacific Time.[7]

In response, Applicant asserts that Eastern Time controls the service of discovery requests; therefore, Opposer's requests, served with less than thirty days remaining in the discovery period, were untimely. Applicant notes that pursuant to Trademark Rule 2.120(a)(3), 37 C.F.R. § 2.120(a)(3), discovery requests must be served such that

---

[7] The deadline for initial disclosures was August 5, 2020 (11 TTABVUE 17) and Opposer's initial disclosures were served at 9:49 p.m., Pacific Time on August 4, 2020 (12 TTABVUE 3). Opposer's discovery responses to Applicant were served at 11:48 p.m. and 11:56 p.m. Pacific Time on April 21, 2020. 12 TTABVUE 3. While neither party has provided the Board with information on when Applicant's discovery requests were served, Applicant does state in its response brief that Opposer "served its discovery responses late." 15 TTABVUE 14.

responses are due no later than the close of discovery, and contends the Federal Rules of Civil Procedure apply for determining this deadline. Applicant relies on Fed. R. Civ. P. 6(a)(4),[8] as well as Trademark Rule 2.195, 37 C.F.R. § 2.195, to support its position that Opposer, who was located in California, needed to have served its discovery requests by midnight Eastern Time (which is 9:00 pm Pacific Time) on December 3, 2020, in order to satisfy the purpose of Trademark Rule 2.120(a)(3), that is, in order to afford Applicant a full thirty days to serve its responses. Applicant further argues that Opposer's address of record is in Wyoming, and thus it was already past midnight on December 3, 2020 - 12:43 a.m. Mountain Time – when Opposer served its discovery requests.

Pursuant to Trademark Rule 2.195(a), 37 C.F.R. § 2.195(a), "[t]he filing date of an electronic submission is the date the Office receives the submission, based on Eastern Time." *See also* TBMP § 109. By its terms Trademark Rule 2.195(a) applies only to submissions filed with the Board. Neither the rule, nor TBMP § 109, discuss an Eastern Time deadline, or any other time zone issue, in the context of documents, such as discovery requests, served between or among the parties but not filed with the Board.[9]

---

[8] Fed. R. Civ. P. 6(a)(4) defines the "last day" only for purposes of filings with a federal court. Specifically, it defines "last day", unless a different time is set by a statute, local rule, or court order, as ending at midnight in the court's time zone for electronic filings, and, for filings by other means, when the clerk's office is scheduled to close.

[9] For administrative purposes, a firm and single receipt-by date is necessary for submissions transmitted to the Board. The application of Eastern Time in Trademark Rule 2.195(a), applicable to electronic submissions, recognizes the capability for real-time transaction. Trademark Rule 2.195, as well as earlier forms of the rule, provides that the filing date for a trademark submission is, generally, the date of receipt by the Board including the date on

In inter partes proceedings before the Board, the timeliness of discovery requests is based on when the requests are served, not when they are received. Trademark Rule 2.120(a)(3), 37 C.F.R. § 2.120(a)(3) (written discovery requests "must be served early enough in the discovery period, as originally set or as may have been reset by the Board, so that responses will be due no later than the close of discovery," and responses to such written discovery requests are due within thirty days of service of the requests); *see also Estudi Moline Dissey, S.L. v. BioUrn Inc.*, 123 USPQ2d 1268, 1270 (TTAB 2017); TBMP § 403.02.

Trademark Rule 2.119, 37 C.F.R. § 2.119, which governs the requirements for service, does not state whether a specific time zone controls the timeliness of service or whether timeliness is based on the serving party or the receiving party. However, a review of the Board's practice demonstrates that the date of service is determined in terms of when the document is transmitted for service. In particular, "[w]henever a party to an inter partes proceeding before the Board is required to take some action within a prescribed period of time after the service of a submission upon that party by another party to the proceeding, and the submission is served by first-class mail, Priority Mail Express®, or overnight courier, the date of mailing or of delivery to the overnight courier will be considered the date of service." TBMP § 113.05.

---

which an electronic submission was received. (The Priority Mail Express and Certificate of mailing provisions allow receipt of excepted paper correspondence after a due date so long as deposit with the U.S. Postal Service was on or before the due date.) As USPTO headquarters is located in Virginia, Eastern Time necessarily controls receipt of correspondence, whether made electronically or on paper.

The Board also permits a party, who because of technical problems or extraordinary circumstances cannot serve discovery by email, to serve its discovery by a manner described in Trademark Rules 2.119(b)(1)-(b)(4), 37 C.F.R. § 2.119(b)(1)-(b)(4). TBMP § 403.02. Accordingly, a party who meets the requirements to serve discovery requests by, for example, overnight courier will have timely served its discovery requests if it delivers them to the overnight courier thirty-one days before the close of discovery. And this is so even though the responding party would receive the discovery requests thirty (rather than thirty-one) days before the close of discovery. In such a situation the responding party's responses are still due based on the date of service, even though it does not have the benefit of additional time to respond due to the manner of service. *See* MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES OF PRACTICE, 81 Fed. Reg. 69950, 69960 (October 7, 2016); *see also* TBMP § 403.03.

In view of the foregoing, Applicant's argument that it would not be afforded the full thirty days to respond to Opposer's discovery requests is not persuasive. The Board's rules are clear that the time to respond to discovery requests runs from the date of service and the time to respond is measured in days, not hours. Moreover, the Board considers the date of service to be based on when the document in question is submitted for transmission of service.[10] Consequently, because Opposer served its

---

[10] Of course, the parties may agree that a specific time zone applies to the service of discovery requests, or responses. *See* TBMP § 501. Additionally, should the responding party require additional time to respond to discovery requests due to a difference in the parties' time zones, the Board expects the parties to communicate early and cooperate so as to agree to an appropriate extension. *See* Trademark Rule 2.120(a)(3), 37 C.F.R. § 2.120(a)(3); TBMP § 403.04. If an extension of time would cause the discovery responses to be served after the

discovery requests by email from California, and upon applying the time zone in California it was December 3, 2020 at the time of service of the requests, Opposer's discovery requests were timely served.[11] Accordingly, Applicant's objections on the basis that Opposer's requests were untimely, are overruled.

In view thereof, Opposer's motion to compel full responses to its first set of interrogatories and first set of document requests is **granted**.[12] However, under the circumstances herein, the motion is **denied** to the extent Opposer seeks an order that Applicant has waived its other objections on the merits, or that Opposer's first set of admissions be deemed admitted. *See No Fear Inc. v. Rule*, 54 USPQ2d 1551, 1554 (TTAB 2000) ("the Board is invested with great discretion in determining whether such forfeiture [of objections on the merits] should be found.").

The discovery period is reopened for the limited purpose of allowing Applicant time to respond to Opposer's first set of interrogatories, first set of document requests,

---

close of discovery, the parties must file their stipulation with the Board. Trademark Rules 2.120(a)(2)(iv) and 2.120(a)(3), 37 C.F.R. §§ 2.120(a)(2)(iv) and 2.120(a)(3). *See also Bos. Red Sox Baseball Club LP v. Chaveriat*, 87 USPQ2d 1767, 1768 n. 2 (TTAB 2008) ("Written stipulations to extend the period for responding to discovery requests need only be filed with the Board when the extension may interfere with the orderly completion of discovery or opening of trial." (citing Fed. R. Civ. P. 29)); TBMP § 403.04.

[11] Applicant's argument that Opposer's correspondence address of record is in Wyoming and not California is not persuasive, particularly in view of Opposer's unrebutted assertion that beginning in August 2020 it served discovery related documents on Applicant from California. However, the Board cautions Opposer that it has a duty to maintain its current and accurate correspondence address with the Board at all times. Trademark Rule 2.18, 37 C.F.R. § 2.18; *see also* TBMP § 117. While the Board has updated the correspondence address of record for this proceeding to reflect Opposer's Huntington Beach, California address, it is Opposer's responsibility in the future to file any necessary request to change its correspondence address. *Id.*

[12] The motion to compel procedure is not applicable to requests for admission. Trademark Rule 2.120(i)(1), 37 C.F.R. § 2.120(i)(1); *see also* TBMP § 523.01.

and first set of requests for admission, served December 3, 2020. Applicant is allowed until **THIRTY DAYS** from the date of this order to respond to Opposer's discovery requests and serve documents responsive thereto. Except as otherwise noted herein, discovery remains closed and nothing in this order should be construed as reopening the discovery period for any other purpose.

Proceedings are **resumed** and dates are reset as follows:

| | |
|---|---|
| Plaintiff's Pretrial Disclosures Due | 10/8/2021 |
| Plaintiff's 30-day Trial Period Ends | 11/22/2021 |
| Defendant's Pretrial Disclosures Due | 12/7/2021 |
| Defendant's 30-day Trial Period Ends | 1/21/2022 |
| Plaintiff's Rebuttal Disclosures Due | 2/5/2022 |
| Plaintiff's 15-day Rebuttal Period Ends | 3/7/2022 |
| Plaintiff's Opening Brief Due | 5/6/2022 |
| Defendant's Brief Due | 6/5/2022 |
| Plaintiff's Reply Brief Due | 6/20/2022 |
| Request for Oral Hearing (optional) Due | 6/30/2022 |

The Federal Rules of Evidence generally apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at

final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).